LUIS A. CARRILLO, Esq. SBN 70398
MICHAEL S. CARRILLO, Esq. SBN 258878
J. MIGUEL FLORES, Esq. SBN 240535
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiff
JAMES DAVEY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVEY,<br><br>           Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, AND DOES 1 THROUGH 10,<br><br>           Defendant | **CASE NO: 5:22-cv-436**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[DEMAND FOR JURY TRIAL]** |

## COMPLAINT FOR DAMAGES

Plaintiff JAMES DAVEY, (referred to as PLAINTIFF), files the instant Complaint against Defendants COUNTY OF SAN BERNARDINO ("COUNTY"), SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, DOES 1-10, inclusive, and herein alleges as follows:

## JURISDICTION AND VENUE

1. This civil action is brought to redress violations of the Fourth and Fourteenth Amendments of the United States Constitution as protected by 42 U.S.C. §§ 1983. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Orange, in the State of California, which is located in this Central District of California. The Court has supplemental jurisdiction over the California state law causes of action asserted in this Complaint pursuant to 28 U.S.C. § 1367(a).

## PARTIES

2. At all times herein mentioned, Plaintiff JAMES DAVEY ("PLAINTIFF") is an individual residing in the State of California who was detained at the at correctional and/or jail facility located at 9438 Commerce Way, Adelanto, CA 92301 that was operated, maintained, and controlled by the COUNTY OF SAN BERNARDINO and the SAN BERNARDINO SHERIFF'S DEPARTMENT.

3. At all times herein mentioned, Defendants COUNTY OF SAN BERNARDINO ("COUNTY"), the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT were and now are public entities existing pursuant to the laws of the State of California. PLAINTIFF timely served said public entity with a Claim for Damages pursuant to Government Code Section 910 and 911, et seq., on August 20, 2020, and said claim was denied by said public entity on September 28, 2020. At all times mentioned herein, Defendant COUNTY is and was a public entity under Government Code Sections 814, et seq., duly organized and existing under and by virtue of the laws of the State of California. At all times mentioned herein, Defendant SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT is and was a public entity under Government Code Sections 814, et seq., duly organized

and existing under and by virtue of the laws of the State of California. PLAINTIFF alleges on information and belief that the COUNTY and the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT operate, maintain and control the correctional facility located at 9438 Commerce Way, Adelanto, CA 92301 (the "JAIL FACILITY").

4. Defendant DOES 1-10 are and at all times mentioned herein were Deputy Sheriffs of the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, employed by the COUNTY, who was acting within the course and scope of their employment at the JAIL FACILITY. PLAINTIFF alleges that DOES 1-10 at the time of the activities alleged herein were acting under color of state law as an employees, agents, and/or representatives of the COUNTY and the SAN BERNARDINO SHERIFF'S DEPARTMENT.

5. Defendants COUNTY and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT are responsible for the acts of its employees committed during the course and scope of the employment of Deputy Sheriff and other staff pursuant to Government Code Section 815.2.

6. PLAINTIFF is informed and believes, and based thereon allege, that all times herein relevant and material, Defendants, and each of them, were the agents, co-conspirators, servants, employees, partners, joint venturers, predecessors in interest, successors in interest, and authorized representatives of each of the other Defendants, and were at all times relevant herein acting within the purpose, course and scope of their agency, conspiracy, service, employment, partnership, joint ventures and/or representation, and with the knowledge, permission and consent of their principal, employer, partners, joint venturers, co-conspirators, and Co-Defendants.

7. The true names of Does 1-10, inclusive are presently unknown to PLAINTIFF, and for that reason those Defendants are sued by such fictitious names. PLAINTIFF is informed and believes that each Doe Defendant is in some way

Case 5:22-cv-00436-JGB-SHK   Document 1   Filed 03/10/22   Page 4 of 16   Page ID #:4

responsible for the damages alleged herein, and will seek leave of this Court to amend this complaint when the true names and capacities of said defendants are identified.

8.   PLAINTIFF is informed and believes, that Does 1-10, and each of them, were, and are, individuals who presently reside or work, and at all times herein relevant and material did reside or work, in the County of San Bernardino, State of California.

9.   At all times mentioned herein, Defendant Does 1 through 10, and each of them, were each employed as sworn Deputy Sheriffs and/or jailers or as staff for the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT and/or the COUNTY, and each of them, are being sued in both their individual and official capacities and for their acts within the course and scope of their employment.

10.   PLAINTIFF is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF will amend this complaint to allege said defendants' true names and capacities when such are ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that PLAINTIFF'S injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously name defendants.

**FACTS COMMON TO ALL CAUSES OF ACTION**

11.   On or about March 15, 2020, JAMES DAVEY was in custody within the JAIL FACILITY, located at 9438 Commerce Way, Adelanto, CA 92301. While in the JAIL FACILITY and in custody, PLAINTIFF was being escorted by DOES 1-10, who were Sheriff's Deputies, jailers, or other staff, at the JAIL FACILITY. PLAINTIFF was suddenly, abruptly slammed to the ground without warning by DOES 1-10, causing injuries to his head. The force of the impact caused Plaintiff's head to strike the concrete with such force as to cause a concussion and traumatic

COMPLAINT FOR DAMAGES
-4-

brain injury. At the time of this incident, PLAINTIFF was unarmed and handcuffed and was never a threat to any Sheriff's Deputies, jailors, other staff or inmates at the JAIL FACILITY. The use of force used on PLAINTIFF was objectively unreasonable as he was not a threat. Since the date of this incident at the JAIL FACILITY, PLAINTIFF has had severe post-concussive cognitive symptoms that have severely impaired his daily life.

12. On or about March 15, 2020, DOES 1-10, who were Sheriff's Deputies, jailors, and/or staff at the JAIL FACILITY intentionally and/or negligently failed to take reasonable steps when escorting PLAINTIFF. The traumatic brain injury to PLAINTIFF as well as the other acts and omissions enumerated above, were done as a result of, or pursuant to, the unconstitutional policies, practices, customs, and procedures in place at the at the JAIL FACILITY that was operated, maintained and controlled by the COUNTY and the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT. PLAINTIFF alleges on information and belief that Defendants the COUNTY and the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT sanctioned, authorized and ratified those acts on PLAINTIFF.

13. The duty to protect and ensure the safety of those in custody of the COUNTY OF SAN BERNARDINO were breached by the acts and omissions of the COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF's DEPARTMENT and DOES 1-10, by inter alia:

    a. The negligent failures to properly train SAN BERNARDINO COURTY SHERIFF'S DEPARTMENT deputies, jailors, and/or staff, such as DOES 1-10, in proper police tactics caused Defendant DOES 1-10, to escalate their interactions with prisoners, those in their custody and control, and to overreact and resort to excessive use of force when excessive use of force is not necessary.

    b. The negligent failures of DOES 1-10, to properly and adequately assess the need to use force, against PLAINTIFF, was caused by the

       negligent failures to properly train DOES 1-10, and the negligent handling of the situation when PLAINTIFF was thrown to the ground by DOES 1-10.

c. PLAINTIFF was unarmed when he was thrown to the ground by DOES 1-10, who were not properly trained.

d. The negligent failures to properly train DOES 1-10, by the COUNTY and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, in the use of reasonable and proper force to detain and escort detained persons such as PLAINTIFF.

e. The negligent failures to properly train DOES 1-10 in proper communication by the COUNTY and the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT was the cause of negligent communication of information by DOES 1-10 before and during the incident.

f. The use of unreasonable and excessive force by DOES 1-10 when none was necessary.

g. The negligent and/or intentional use of force by DOES 1-10 against PLAINTIFF.

h. The negligent failure to provide and/or summon prompt medical care to PLAINTIFF by DOES 1-10.

14. Further, the excessive use of force causing the injuries of PLAINTIFF was a result of other failures of the COUNTY and the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT to adequately and sufficiently train Deputy Sheriffs, jailers, and or staff at the JAIL FACILITY as to proper police practices and tactics, use of force, and detention and control of persons such as PLAINTIFF, and for their failure to negligently employ and retain said DOES 1-10.

15. All the above-described negligent, and/or intentional acts and omissions by the COUNTY and SAN BERNARDINO COUNTY SHERIFF'S

DEPARTMENT, and DOES 1-10, were done with malice and with deliberate indifference to the rights, health, safety and welfare of PLAINTIFF.

## FIRST CAUSE OF ACTION
### Excessive Force (42 U.S.C. § 1983)
### Fourth and Fourteenth Amendments
### (Against DOES 1-10)

16. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. PLAINTIFF on information and belief alleges that DOES 1-10, agents and/or employees of the COUNTY and the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT used excessive force on PLAINTIFF without justification while he was detained and in handcuffs. PLAINTIFF alleges that Defendant DOES 1-10 abruptly, suddenly, and without warning, slammed PLAINTIFF to the ground causing injuries to his head, although PLAINTIFF was at all times compliant and never resisted or refused any commands. The trauma to PLAINTIFF'S head caused head injuries. These acts by DOES 1-10 constituted excessive force against PLAINTIFF in violation of his Fourth and Fourteenth Amendment rights.

18. Defendant DOES 1-10's use of excessive force caused PLAINTIFF severe physical injuries; pain and suffering; extreme emotional distress, fear, trauma, and humiliation.

19. Defendants DOES 1 through 10 acted under color of law.

20. As a result of the conduct alleged herein, Defendants DOES 1-10, are liable for PLAINTIFF'S injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

21. As a direct and legal result of Defendants DOES 1-10, acts and

COMPLAINT FOR DAMAGES
-7-

omissions, PLAINTIFF has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, attorneys' fees, costs of suit, loss of earnings, and other pecuniary losses not yet ascertained.

## SECOND CAUSE OF ACTION
### Denial of Medical Care (42 U.S.C. § 1983)
### Fourth, Fourteenth, and Eighth Amendments
### (Against DOES -10)

22. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 21 of this Complaint with the same force and effect as if fully set forth herein

23. PLAINTIFF on information and belief alleges that DOES 1-10, agents and/or employees of the COUNTY and the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, failed to provide PLAINTIFF medical care in the wake of being slammed to the ground despite PLAINTIFF receiving injuries to his head. Defendants forced PLAINTIFF to endure pain and suffering. DOES 1-10's denial of medical care exacerbated PLAINTIFF'S physical injuries and caused PLAINTIFF increased trauma, mental and emotional distress, and increased pain and suffering.

24. PLAINTIFF on information and belief allege that Defendants DOES 1-10 were deliberately indifferent to PLAINTIFF'S medical needs following the use of excessive force on him.

25. Plaintiffs allege that DEFENDANT DOES 1-10's failure to provide proper and necessary medical care caused PLAINTIFF serious bodily harm. The aforementioned denial of medical care violated PLAINTIFF's right to Due Process under the Fourteenth Amendment and violated the PLAINTIFF's right to be free from cruel and unusual punishment in violation of the Eighth Amendment.

26. As a result of their conduct, Defendants DOES 1-10 are liable for

PLAINTIFF'S injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

27. As a direct and legal result of Defendants DOES 1-10's acts and omissions, PLAINTIFF has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, attorneys' fees, costs of suit, loss of earnings, and other pecuniary losses not yet ascertained.

## THIRD CAUSE OF ACTION

### Violation of Bane Act (Cal. Civil Code § 52.1)

### (Against DOES 1-10 only)

28. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 27 of this Complaint with the same force and effect as if fully set forth herein.

29. PLAINTIFF on information and belief alleges that DOES 1-10, agents and/or employees of the COUNTY and the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, each of them, interfered or attempted to interfere by threats, intimidation, or coercion with PLAINTIFF'S rights under state and federal laws and under the state and federal Constitution, including, without limitation, the right to be free from excessive force and the right to bodily integrity, including his rights under Civil Code § 43, Penal Code §§ 149, 240, and 242, and his rights under the Fourth and Fourteenth Amendments to the United States Constitution and under Articles 1, §§ 1, 7, and 13 of the California Constitution.

30. On information and belief, Defendants DOES 1 through 10, acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against PLAINTIFF, including by shoving him and causing him injuries.

31. When Defendants DOES 1 through 10, shoved PLAINTIFF, they acted with a reckless disregard for and in violation of PLAINTIFF's rights under the state and federal constitutions to be free from excessive force.

32. Defendants' conduct caused PLAINTIFF extreme pain and suffering and extreme emotional distress and severe physical injuries as alleged herein.

33. As a result of their conduct, Defendants are liable for PLAINTIFF'S injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

34. As a direct and legal result of DOES 1-10's acts and omissions, PLAINTIFF has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, attorneys' fees, costs of suit, loss of earnings, and other pecuniary losses not yet ascertained.

35. California Civil Code, Section 52.1 (the Bane Act) applies to this complaint with the same force and effect as fully set forth herein:

(a) If a person or person, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals or rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state ... a civil action for injunctive and other appropriate equitable relief may be brought.

(b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate

equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

36. The Bane Act, the California Constitution and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action. See *Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995). "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Huntington Beach*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. County. Of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure] - when accompanied by unnecessary, deliberate and excessive force is within the protection of the Bane Act").

## FOURTH CAUSE OF ACTION

### Battery

### (Against all DOES 1-10 only)

37. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as if fully set forth herein.

38. PLAINTIFF on information and belief alleges that DOES 1-10, agents and/or employees of the COUNTY and the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, committed battery against PLAINTIFF when they forced him to the ground without justification or warning. DOES 1-10 actions of slamming PLAINTIFF into the ground while in handcuffs caused head injuries to PLAINTIFF. PLAINTIFF alleges that the trauma to PLAINTIFF'S head caused a brain injury.

39. Defendant DOES 1-10's battery caused PLAINTIFF pain and suffering, emotional distress, fear, trauma, and humiliation, and a brain injury. PLAINTIFF further alleges that Defendant DOES 1-10 either participated in or failed to prevent this misconduct.

40. As a result of their conduct, Defendant DOES 1-10 are liable for PLAINTIFF'S injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

41. As a direct and legal result of DOES 1-10's acts and omissions, PLAINTIFF has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, attorneys' fees, costs of suit, loss of earnings, and other pecuniary losses not yet ascertained.

## FIFTH CAUSE OF ACTION

### Negligence

**(Against all DOES 1-10 and COUNTY OF SAN BERNARDINO and SAN BERNARDINO SHERIFF'S DEPARMENT)**

42. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43. Defendants DOES 1-10, each of them, owed a duty of care toward PLAINTIFF and were required to use reasonable diligence to ensure PLAINTIFF'S safety while in their custody and control. Defendants DOES 1-10's actions and omissions were negligent and reckless, including but not limited to:

   a. The failure to properly assess the need to use force against PLAINTIFF;
   b. The negligent tactics and handling of the situation with PLAINTIFF;
   c. The negligent use of excessive force against PLAINTIFF;

      d. The failure to properly train, supervise, and discipline employees, including the individual defendants, including DOES 1-10;

      e. The failure to provide timely medical assistance to PLAINTIFF despite DOES 1-10's knowledge that PLAINTIFF needed immediate medical care, as specified in Government Code § 845.6; and

      f. The negligent hiring, retention, and assignment of employees, including the individual defendants, as there is a special relationship between Defendants DOES 1-10 and the inmates within their custody and control.

      g. the negligent communication of information during the incident.

44. Defendants DOES 1-10, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using excessive force unless necessary.

45. Defendants DOES 1-10 owed PLAINTIFF a duty of reasonable care in the performance of their duties as peace officers.

46. Defendants DOES 1-10's, violations of PLAINTIFF's constitutional rights as alleged in detail hereinabove, and their unjustified actions by way of Defendant DOES 1-10's use of excessive force, and concurrent breach of duty of care owing to PLAINTIFF, both to uphold the constitutions of this State as well as the United States, and to protect PLAINTIFF and to avoid the use of force, whenever possible, was the direct and proximate cause of PLAINTIFF's injuries. Further, PLAINTIFF alleges that the conduct of DOES 1-10 while under color of authority, in unlawfully and unjustifiably harming PLAINTIFF with no probable cause to believe he had committed a wrong or disobeyed orders. Said actions were the proximate cause of PLAINTIFF's injuries.

///

47. Defendant DOES 1-10, breached their reasonable duty of care toward PLAINTIFF by unlawfully and unjustifiably harming him. DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO SHERIFF'S DEPARTMENT are liable in respondent superior for the aforementioned acts of DOES 1-10 pursuant to California Government Code §§ 815.2, and 820.

65. DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO SHERIFF'S DEPARTMENT are vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

48. As a direct and legal result of Defendants DOES 1-10's acts and omissions, PLAINTIFF has suffered damages, including, without limitation, pain and suffering, extreme mental emotional distress, medical expenses, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained.

49. As a result of their conduct, Defendants are liable for PLAINTIFF'S injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

## SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against all DOES 1-10 only)

50. PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51. As Sheriff's Deputies, jailors, and/or staff at the JAIL FACILITY, the acts of violence, threats of violence, intimidation, and harassment by DOES-10,

1  were outrageous.  The actions of Defendant DOES 1-10 were calculated and
2  intended to cause severe emotional distress to PLAINTIFF.

3  52.  Defendant DOES 1-10, acted, or purported to act, in the performance
4  of their official duties and scope of employment and therefore, pursuant to
5  Government Code Section 815.2.

6  53.  In acting as alleged in this complaint, DOES 1-10 acted knowingly,
7  willfully, maliciously and with reckless and callous disregard for PLAINTIFF'S
8  rights.

9  54.  As a direct and proximate result of Defendant DOES 1-10's actions,
10 PLAINTIFF has suffered severe emotional distress as herein alleged.  PLAINTIFF
11 seeks to recover general damages according to proof; special damages according to
12 proof; interest thereon as provided by law; and such other and further relief as the
13 Court may deem proper.

14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF requests entry of judgment in their favor and against Defendants COUNTY SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFFS' DEPARTMENT, and DOES 1 through 10, inclusive as follows:

1. For compensatory damages under federal law, in an amount to be proven at trial;
2. For interest;
3. For attorney's fees under §1021.5, §52.1, and §1988.
4. For punitive damages as provided under state and federal law against the individual defendants, in a sum according to proof at trial;
5. For other and further relief as the court may deem just, proper, and appropriate.

Dated: March 10, 2022            CARRILLO LAW FIRM, LLP

*J. Miguel Flores* /s/
By: _____
J. MIGUEL FLORES, Esq.,
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The PLAINTIFF named herein hereby demands a trial by jury.

Dated: March 10, 2022            CARRILLO LAW FIRM, LLP

*J. Miguel Flores* /s/
By: _____
J. MIGUEL FLORES, Esq.,
Attorneys for Plaintiff